

P.O. Box 3010
Anaheim, CA 92803

# Loan Modification Agreement

Date: 11/01/17

SCOTT R VALENTINE
78 LAKE WALTON RD
WAPPINGERS FALLS    NY 12590

Loan Number: 7000093770

Property Address:
78 LAKE WALTON RD
WAPPINGERS FALLS    NY 12590

Dear Mortgagor(s):

Carrington Mortgage Services, LLC, as servicer and authorized agent of WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR UPLAND MORTGAGE LOAN TRUST A (the "Lender"), is offering you this Loan Modification Agreement ("Agreement"), dated 11/01/17, which modifies the term of your existing mortgage loan as described in detail below.

## I. DEFINITIONS

"Mortgage" shall mean the mortgage, deed of trust, security deed or other security instrument encumbering the Property and corresponding to the above CMS Loan Number and recorded in the public records of DUTCHESS County.

" Note" shall mean the note or other instrument of the same date and secured by the Mortgage.

" Property"shall mean the real and personal property described in the Mortgage and located at:

78 LAKE WALTON RD
WAPPINGERS FALLS    NY12590

" BalloonPayment" shall mean a final payment of the aggregate total amount of the current and any prior deferred non-interest bearing principal balance plus the then-outstanding interest bearing principal balance plus all earned interest remaining unpaid and due on the earlier of (i.) the date you sell the property securing the Mortgage, (ii.) the date you refinance the loan, (iii.) the date the loan is paid in full, or (iv.) the Maturity Date

" Deferment" shall mean any portion of the unpaid principal balance of the Note and Security Instrument that has been deferred, interest free, and shall only become payable on the earlier of (i.) the date you sell the property securing the Mortgage, (ii.) the date you refinance the loan, (iii.) the date the loan is paid in full, or (iv.) the Maturity Date.

" WriteOff", as referenced in this agreement, includes any of the following (i.) unpaid and deferred interest, (ii.) deferred principal, (iii.) escrow advances, (iv.) administrative fees, (v.) unpaid late fees, or other costs that have been forgiven and waived from your account and shall not be subject to any collection efforts by CMS.

·

For the purposes of this document "You/Your" shall mean the mortgagor/borrower on the Note and Mortgage and shall signify the singular or plural, where appropriate, if more than one mortgagor/borrower is executing this document.



P.O. Box 3010
Anaheim, CA 92803

## II. TERMS AND CONDITIONS

If your representations and covenants in Section 1 continue to be true in all material respects, then this Loan Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (i.) the Mortgage on the Property, and (ii.) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **Representations and Covenants.** You certify, represent to Lender, covenant and agree:

   A. You are experiencing a financial hardship, and as a result, (i.) you are in default under the Loan Documents or default is imminent, and (ii.) you do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
   B. At least one of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;
   C. There has been no impermissible change in the ownership of the Property since you signed the Loan Documents. A permissible change would be any transfer that the Lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;
   D. You have provided documentation for **all** income that your household receives;
   E. Under penalty of perjury, all documents and information you have provided to the Lender in connection with this Agreement, including the documents and information regarding your eligibility for the Program, are true and correct;

2. **Acknowledgements and Preconditions to Modification.** You understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 The Lender determines that any of the representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents.
   B. The Loan Documents will not be modified unless (i.) The Lender receives an executed copy of this Agreement bearing your signature, on or prior to the last business day of the same month in which the Effective Date falls and (ii.) the Modification Effective Date (as defined in Section 3) has occurred. You further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if you fail to meet any one of the requirements under this Agreement.
   C. You agree that failure to pay the initial payment due on **01/01/18** (the "First Payment Due Date") shall be considered a breach of this Agreement and this Agreement will terminate. The Lender shall immediately resume any pending foreclosure action or proceeding. A new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will not be necessary to continue the foreclosure action ("Foreclosure Notices"). You waive any and all rights to receive such foreclosure notices to the extent permitted by applicable law.

**CARRINGTON**
MORTGAGE SERVICES

P.O. Box 3010
Anaheim, CA 92803

**III. MODIFICATION TERMS**

If your representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 12/01/17 (the "Modification Effective Date").

1. **As of the Modification Effective Date** you understand your loan will be modified as follows:

    A. The new interest bearing principal balance of your Note will be **$358,844.45** (the "Modified Balance") and interest at the rate of **4.25000%** will begin to accrue as of **12/01/17.**
    B. Your first new total monthly payment in the amount **$2,275.73** will be due on **01/01/18.**
    C. **$123,122.64** (the "Unpaid Amounts") was past due and added to your modified principal balance which included unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, less any amounts paid to the Lender but not previously credited to your Loan
    D. The new principal balance of your Note is **$358,844.45** of which **$0.00** shall be deferred (the "Total Deferred Principal Balance"). If your loan was previously modified, this Total Deferred Principal Balance includes prior deferment in the amount of **$0.00** (the "Prior Deferred Principal Balance") plus new deferred principal balance in the amount **$0.00** (the "New Deferred Principal Balance"). The Total Deferred Principal Balance remains non-interest bearing and shall become due and payable as a Balloon Payment on the earlier of: (i) the date you sell the property securing the Mortgage, (ii) the date you refinance the loan, (iii) the date the entire loan is paid in full, or (iv) the Maturity Date.
    E. **$4,189.19** will be written off which constitutes a forgiveness of debt and you will not be required to repay this amount. ("Write Off" is defined in Section I.)
    F. The principal and interest portion of your modified monthly payment was calculated using a **480-month** amortization period from the Modification Effective Date. Please note that any increase in the amortization period can result in a Balloon Payment.
    G. The Maturity Date of your loan is **12/01/34.**

| CURRENT LOAN TERMS | |
|---:|:---|
| Interest Rate | 5.37500 |
| P&I Payment | $1,595.92 |
| Escrow Payment | $665.87 |
| Total Monthly Payment | $2,261.79 |
| Contractual Due Date | 10/01/12 |

| | |
|---:|:---|
| Principal Balance | $239,911.00 |
| **Prior Deferred Principal Balance | $0.00 |

| | |
|---:|:---|
| Total Principal Balance | $239,911.00 |

| MODIFIED LOAN TERMS | |
|---:|:---|
| Interest Rate | 4.25000 |
| P&I Payment | $1,556.03 |
| *Escrow Payment | $719.70 |
| Total Monthly Payment | $2,275.73 |
| 1st Payment Due Date | 01/01/18 |
| Unpaid Amounts | $123,122.64 |
| Modified Balance | $358,844.45 |
| New Deferred Principal Balance | $0.00 |
| Total Deferred Principal Balance | $0.00 |
| New Principal Balance | $358,844.45 |
| Balloon Payment | $273,757.57 |

*Escrow payments may be adjusted periodically in accordance with applicable law and therefore your total monthly payment may change accordingly. Your modified monthly payment may change if your account is subject to an escrow account and analysis for property taxes and insurance premiums. If you did not have an escrow account before, the timing of your tax and insurance bills may require that you make a payment to cover any such bills when they come due. This is known as an escrow shortage and can either be paid in a lump sum $2,698.90 when the loan is modified or over the next **60-months** in the amount of $44.98 per month which has already been included in the above Escrow Payment amount.

DC752                           7000093770                           Page 3 of 6



P.O. Box 3010
Anaheim, CA 92803

\*\*Prior deferment of non-interest bearing unpaid principal balance is not taken into consideration when calculating current Loan Modification terms; however, any previously deferred non-interest bearing unpaid principal balance will become due and payable as part of the Balloon Payment.

H. The modified interest rate and principal and interest portion of your modified payment will remain fixed until the original Maturity Date of your loan.
I. If you still owe any amounts under the Loan Documents due to any applicable Deferment and/or increase in the amortization period, you will be responsible to pay those amounts as a Balloon Payment (Defined in Section I.)
J. By accepting this Loan Modification your credit score may be adversely affected. The impact of a permanent modification on a credit score depends on your entire credit profile. For more information about your credit score, go to http://www.ftc.gov/bcp/edu/pubs/consumer/credit/cre24.shtm.
K. You will be in default if you do not comply with the terms of the Loan Documents, as modified by this Agreement.

## IV. ADDITIONAL AGREEMENTS AND LEGAL NOTICES
1. You agree to the following:

   A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.
   B. Any fees and/or expenses incurred in connection with servicing your loan that may be legally charged to your account, but have not been charged to your account as of the Modification Effective Date, may be charged to your account at a later date and shall be your responsibility to pay in full. For example, if your loan is in foreclosure there may be foreclosure fees and costs that have been incurred but not yet assessed to your account as of the Modification Effective Date; you will remain liable for any such costs, fees and/or expenses.
   C. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that you previously entered into with Lender or any prior lender; however, this provision shall not be construed to waive, forgive or otherwise satisfy any amounts due under any existing or previous modification, forbearance, trial period plan or other workout plan including amounts that were previously deferred.
   D. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including your agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of your Loan.
   E. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and you have been advised of the amount needed to fully fund your escrow account.
   F. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.
   G. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and you will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.



P.O. Box 3010
Anaheim, CA 92803

H. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give you notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which you must pay all sums secured by the Mortgage. If you fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on you.

I. That, as of the Modification Effective Date, you understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of your property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

J. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

K. You understand that you are not required to waive or release any claims and/or defenses in connection with this Agreement

L. That, you will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and notwithstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

M. That you will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. You understand that either a corrected Agreement or a letter agreement containing the correction will be provided to you for your signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If you elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement.

N. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

O. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, you will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies you against any loss associated with a demand on the Note. All documents the Lender requests of you under this Section 4.M. shall be referred to as "Documents." You agree to deliver the Documents within ten (10) days after you receive the Lender's written request for such replacement.

P. That the mortgage insurance premiums on your Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which you may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

Q. If you are currently subject to the protections of any automatic stay in bankruptcy, or have obtained a discharge in bankruptcy proceeding, nothing in this Loan Modification Agreement or any other document executed in connection with this Agreement shall be construed as an attempt by CMS to impose personal liability under the Note and Deed of Trust/Mortgage. Pursuant to 11 U.S.C. Section 524(j), and in the ordinary course of business between the Lender and you, this Agreement is entered into in order to seek or obtain periodic payments associated with a valid security interest in lieu of



P.O. Box 3010
Anaheim, CA 92803

pursuit of in rem relief to enforce the lien. This Agreement does not revive your personal liability under the Note and Deed of Trust/Mortgage, nor is it an attempt to collect, recover or offset any such debt as a personal liability of Borrower under the Note and Deed of Trust/Mortgage. The Lender does, however, retain the right, despite the discharge, to enforce its security interest against the Subject Real Property by foreclosing in the event of a future default.

In Witness Whereof, the Lender and you have executed this Agreement.

CARRINGTON MORTAGE SERVICES, LLC As servicer and duly authorized agent for
WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR UPLAND MORTGAGE LOAN TRUST A

By: _____        /s/ Scott R. Valentine
    As Attorney in Fact                    _____
                                           SCOTT R VALENTINE

    _____         11/8/2017
    Date                                   _____
                                           Date


                                           _____
                                           Date

_____[Space Below This Line For Acknowledgement]_____

**CARRINGTON**
MORTGAGE SERVICES, LLC

P.O. Box 3010
Anaheim, CA 92803

Date: 11/01/17                                    Loan Number: 7000093770

# LOAN MODIFICATION AGREEMENT
# BALLOON PAYMENT DISCLOSURE

*Notice: Read Before Signing Your Loan Documents*

Property Address: 78 LAKE WALTON RD  WAPPINGERS FALLS    NY 12590

The Loan Modification Agreement ("Agreement") provides for Term Extension (as defined below) and/or deferral of a portion of the principal balance of your Note.

The modified principal balance of your Note will be $358,844.45 (the "New Principal Balance") of which $0.00 shall be deferred (the "Total Deferred Principal Balance"). If your loan was previously modified, this Total Deferred Principal Balance includes prior deferment in the amount of $0.00 plus the New Deferred Principal Balance in the amount of $0.00. You will not be required to pay interest or make monthly payments on the Total Deferred Principal Balance. The New Principal Balance minus the Total Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $358,844.45. Interest at the rate of 4.25000% will begin to accrue on the Interest Bearing Principal Balance as of 12/01/2017.

This Agreement provides for 204 monthly payments of principal and interest, with the initial monthly payment in the amount of $1,556.03. This monthly payment is calculated using a 480-month amortization period from the effective date of this Loan Modification (referred to herein as "Term Extension") while the modified principal balance of your Note and all accrued and unpaid interest must be paid in full no later than the Maturity Date of your original Note. Assuming that all of the monthly payments have been paid exactly on the date that each payment is due, a final balloon payment of the then-outstanding Interest Bearing Principal Balance <u>plus</u> all accrued interest remaining unpaid <u>plus</u> the Total Deferred Principal Balance, which is a total sum of approximately $273,757.57 shall become due and payable on 12/01/34 (the "Maturity Date").

The amount of Total Deferred Principal Balance and any other amounts still owed under your Loan Documents will result in a balloon payment fully due and payable upon the earliest of: (i) the date you sell the property securing the Mortgage, (ii) the date you refinance the loan, (iii) the date the entire loan is paid in full, or (iv) the Maturity Date.

If you make a partial prepayment of principal, the Lender may apply that partial prepayment first to the Total Deferred Principal Balance before applying such partial prepayment to the Interest Bearing Principal Balance or any other amounts due.

**DO NOT SIGN ANY LOAN DOCUMENTS IF YOU HAVE ANY OUTSTANDING QUESTIONS ABOUT YOUR LOAN PAYMENTS OR THIS BALLOON PAYMENT DISCLOSURE**

THIS LOAN IS PAYABLE IN FULL AT MATURITY OR EARLIER IF ANY ONE OF THE EVENTS DESCRIBED ABOVE OCCURS. YOU MUST REPAY THE ENTIRE INTEREST BEARING PRINCIPAL BALANCE PLUS ALL ACCRUED AND UNPAID INTEREST THEN DUE PLUS THE TOTAL DEFERRED PRINCIPAL BALANCE. UNLESS OTHERWISE EXPRESSLY DISCLOSED IN THE AGREEMENT, THE LENDER IN THIS TRANSACTION IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER WITH WHOM YOU HAVE THIS LOAN, WHO IS WILLING TO LEND YOU THE MONEY. IF THIS LENDER, OR ANY OTHER LENDER, AGREES TO REFINANCE THIS LOAN, YOU MAY BE REQUIRED TO PAY THE THEN-PREVAILING INTEREST RATE, WHICH MAY BE HIGHER OR LOWER THAN THE INTEREST RATE SPECIFIED IN THE AGREEMENT. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN, EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.



P.O. Box 3010
Anaheim, CA 92803

**Loan Number:** 7000093770

ACKNOWLEDGEMENT (ALL BORROWERS MUST SIGN AND DATE):

I/We have read and hereby acknowledge receipt of the above notice concerning the balloon payment provisions of the Agreement.

I/We will execute such other documents as may be reasonably necessary to correct the terms and conditions of this Disclosure if an error is detected after execution of this Disclosure. I/We understand that a corrected Disclosure will be provided to me/us for my/our signature. At Lender's option, this Disclosure will be void and of no legal effect upon notice of such error. If I/we elect not to sign a corrected Disclosure, the terms of the Agreement shall continue in full force and effect, such terms will not be modified by this Disclosure.

/s/ Scott R. Valentine                    (Date)   11/9/2017
SCOTT R VALENTINE


_____   (Date) _____


New York City Department of Consumer Affairs License Number: 1264739
This collection agency is licensed by the City of Buffalo license numbers: 555177 & 555176

STATE OF NEW YORK  }
                   }
COUNTY OF PUTNAM   } ss

On the 8th day of November, 2017 before me personally appeared Scott Valentin, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual executed the instrument.


/s/Francis J. O'Reilly
Francis J. O'Reilly
Notary Public, State of New York
Registration No. 02OR5014978
Qualified in Putnam County
Commission Expires July 12, 2019