UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

In re:   In re:

       Scott R. Valentine,

                     Debtor(s).

Chapter 13
Case No. 16-36545(CGM)

_____X

## APPLICATION FOR FINAL ALLOWANCE OF COMPENSATION AND
## EXPENSES TO ATTORNEY FOR DEBTOR UNDER
## <u>11 U.S.C. § 330 AND 11 U.S.C. § 503(a)</u>

### TO THE HONORABLE CECELIA G. MORRIS:

The application of Francis J. O'Reilly, of The Law Office ofFrancis J. O'Reilly, attorney for the Debtor, respectfully represents:

### GENERAL BACKGROUND

On September 1, 2016, Scott R. Valentine, the ("Debtor"), filed a petition with this Court for relief pursuant to Chapter 13 of the Bankruptcy Code.

1.     Your applicant has been responsible for guiding the Debtor's estate through Chapter 13 of the Bankruptcy Code, and has been advising the Debtor as to his rights, options and financial position throughout the process.

2.     The Debtor sought to file the petition in an effort to reorganize his financial circumstances, modify his first mortgage, void the lien of his second mortgage under 11 U.S.C. § 506(a), void judgment liens on his home under 11 U.S.C. § 522(f), negotiate a settlement with the Internal Revenue Service in regard to back taxes and to discharge his remaining unsecured debts.

3.    The Debtor owns his residence in Wappingers Falls, NY where he resides.

4.    Due to the Debtors unfortunate financial circumstances, he fell significantly behind in making his home mortgage payments.

## THE LOSS MITIGATION

5.    The Debtor sought to modify his home mortgages to reduce the monthly payments to an affordable level and to address the substantial arrearages that had accrued over the time he was not making payments.

6.    Loss mitigation was requested by the Debtors and was ordered on December 14, 2016 for the first mortgage.

7.    The parties undertook loss mitigation. A trial modification was obtained on the first mortgage, trial payments were made in a timely fashion and a permanent modification was granted.Loss Mitigation resulted in a significant benefit to the Debtor and to the Debtor's bankruptcy estate.

## MOTION PUSUANT TO 11 U.S.C. § 506 (a)
## TO AVOID THE JUNIOR LIEN OF JPMORGAN CHASE BANK

8.    After review of the case and a search in the office of the Dutchess County Clerk, it was determined that it would be prudent to file a motion to avoid the junior mortgage lien of Newtek Small Business Finance, Inc. as the first mortgage balance exceeded the value of the Debtor's residence. A motion was filed and a hearing was held on the matter on February 28, 2017. The motion was granted and an Order voiding the lien was signed on March 7, 2017.

**MOTION PUSUANT TO 11 U.S.C. § 522 (f)**

**TO AVOID THE JUNIOR LIENS OF CORPORATE BILLING INC.**

**AND NEWTEK SMALL BUISNESS FINANCE, INC.**


9.      After review of the case and a search in the office of the Dutchess County Clerk, it was determined that it would be prudent to file a motion to avoid the judicial liens of Corporate Billing, Inc. and  Newtek Small Business Finance, Inc. . A motion was filed and a hearing was held on the matter on February 28, 2017. The motion was granted and an Order voiding the liens was signed on March 7, 2017.


10.      This application is made by The Law office of Francis J. O'Reilly for an allowance of compensation for professional services rendered to and on behalf of the Debtor, during the period beginning September 1, 2016, and ending January 19, 2018 for reimbursement of actual and necessary costs and expenses incurred in connection with the rendition of such services and for professional services.


11.      Your applicant has acted as legal counsel to the Debtor and has performed all of the necessary professional legal services in connection therewith. We regularly maintain contemporaneous records of time expended in the rendition of such services and the costs and expenses incurred. The entries in such records were made in the ordinary course of my practice, concurrently with the rendition of such services and the incurring of such costs and expenses.


12.      A summary of these records is annexed hereto as **EXHIBIT "A"**. The areas in which your applicant has rendered professional services to and on behalf of the Debtor are set forth in the following summary.


13.      Your applicant's standard time charge for the period of this action is THREE HUNDRED FIFTY DOLLARS ($350.00) per hour for attorney time, a reasonable rate for an attorney practicing law, in the Carmel area of New York. Paraprofessional and staff time is billed at the rate ONE HUNDRED SEVENTY FIVE DOLLARS ($175.00) per hour. These fees are pursuant to a written Retention Agreement annexed hereto as **EXHIBIT "B"**.

## APPLICANT QUALIFICATIONS

14.     Francis J. O'Reilly was admitted to practice law in Connecticut and New York in 1989 and admitted in the S.D.N.Y. in 1991and has been practicing bankruptcy law for more than twenty six (27) years. His knowledge of Bankruptcy law is expansive and a specialty of his practice, through which he represents debtors in bankruptcy and reorganization cases. He is a graduate of Pace University School of Law, and received an M.B.A. from the same university. Mr. O'Reilly is admitted to practice law in New York State Courts, New York Federal District Courts (Southern, Northern, and Eastern), Connecticut State Courts, The District of Connecticut and is admitted to the United States Tax Court.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

15.     From the beginning of this proceeding, you applicant has become closely involved with the effort to protect the interests of the Debtor and his estate, and to effect a reasonable recovery for creditors. During the early portion of this case, your applicant began an investigation into the financial condition of the Debtor, and advised the Debtor of the requirements of the Bankruptcy Code and the administration of a Chapter 13 case.

16.     Subsequently, it was determined that based upon all of the facts of the case, a filing under Chapter 13 was appropriate. The applicant prepared a Chapter 13 petition, met with the Debtor and explained the petition to him. Your applicant supervised the execution of the petition and filed the petition on the Court's ECF system.

17.     All documents contemplated under 11 U.S.C. §521 were provided to the Chapter 13 trustee in preparation for the Debtor's meeting of creditors, as required under 11 U.S.C. §341(a). The applicant or an attorney from the applicant's law firm attended the meeting of creditors with the Debtor and the confirmation hearing, as well as all adjourned hearings, while assisting the Debtor in meeting the requirements of Chapter 13. These services will culminate in a confirmed Chapter 13 plan, which will provide a dividend to the unsecured creditors, thereby benefitting the estate.

18.     The initial fee for the basic chapter 13 was $5,000.00 billable at the rates stated herein. This fee was for 14.3 hours of work on the case. Any work in excess of the 14.3 hours was subject to an additional charge and did not include the work that was to be performed for the Loss Mitigation, the 522 (f) motion, the 506(a) motion or the I.R.S. negotiations. The debtor paid an initial retainer of $3,650.00. The debtor also paid a filing fee of $310.00 and a credit report of $40.00.  A Proof of claim has been filed for the balance of $1,350.00 due. The initial $5,000.00 fee is disclosed in the retainer agreement, Exhibit "B" hereto. The 2016(b) statement is attached hereto as **Exhibit "C".** Your applicant does not seek additional fees for the services performed under the basic chapter thirteen proceeding.

19.     No pre-payments were made for the Loss Mitigation, the § 522(f) motion, the § 506(a) motion or the I.R.S. lien subordination negotiation and applicant seeks fees for the prosecution thereof. The fees incurred in the Loss Mitigation, the 506 (a) motion, the § 522 (f) motion and the negotiation of the I.R.S. lien are listed in Exhibit "A" to this application. These fees were taken from time records which were made contemporaneously with the services that were rendered.

20.     The total legal fee sought for the loss mitigation is $4,500.00. Reimbursement is sought for disbursements for same in the amount of $6.35. The total requested for the loss mitigation proceeding including expenses is $4,506.35;
 The total legal fee sought for the 522(f) motion is $2,710.00. Reimbursement is sought for disbursements for same in the amount of $20.38. The total requested for the 522 (f) motion is $2,730.38;
 The total legal fee sought for the 506(a) motion is $2,360.00. Reimbursement is sought for disbursements for same in the amount of $6.78. The total requested for the 506 (a) motion including expenses is $2,366.78;
 The total legal fee sought for the I.R.S. lien subordination is $1,130.00.

21.     You applicant believes that the allowance sought herein for services rendered, and to be rendered is fair and reasonable. Further the rates charged are fair and reasonable based upon the fees charged for similar services in Putnam County, NY where the applicant practices.

22.     Attorneys representing debtors under Chapter 13 work under peculiar conditions. There is no assurance of additional payments, other than those received prior to filing a petition with the Court. Regardless, attorneys continue to represent and to protect their clients' interests; therefore, applicant requests that the Court award compensation, adjusting the lodestar amount, to reflect those peculiar factors. In this case, it is respectfully submitted that the quality of the representation, and the results obtained should be considered when calculating the final compensation award.

23.     No previous allowance has been made by your applicant for the services rendered as hereinafter set forth and no previous application has been made to this Court, or to any other court, for the relief requested herein.

24.     Your applicant has not, in any form or guise, shared or agreed to share compensation to be received by him or any other person for services rendered in connection with this matter. No agreement or understanding prohibited by 18 U.S.C. §55 has been made by your applicant.

        WHEREFORE, your applicant respectfully requests that the Court enter an Order under 11 U.S.C. §330 and §503, permitting final compensation of $10,700.00 and reimbursements in the amount of $33.51 for a total of final fees and expenses in the amount of $10,733.51 and for such other and further relief as the Court may deem just and proper.

Dated: Carmel, New York
        January 24, 2018                                    /s/  Francis J. O'Reilly
                                                            Francis J. O'Reilly, Esq. (fo0473)
                                                            1961 Route 6
                                                            Carmel, NY 10512
                                                            (845) 225-5800